UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA L. LePAGE,, | No. 2:14-cv-424-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.   BACKGROUND

Plaintiff filed applications for a period of disability, DIB and SSI, alleging that she had been disabled since November 1, 2007. Administrative Record ("AR") 153-168. Her applications were denied initially and upon reconsideration. *Id*. at 65-74, 78-89. On August 2, 2012, a hearing was held before administrative law judge ("ALJ") Timothy Snelling. *Id*. at 33-

1

57. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id*.

On September 14, 2012, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Act.[1] *Id*. at 19-28. The ALJ made the following specific findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since November 1, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, 416.971 *et seq.*).
>
> * * *

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

   3. The claimant has the following severe combination of impairments: a history of congestive heart failure, atrial fibrillation, acute renal failure, myocardial infarction, deep venous thrombosis prophylaxis, a history of methamphetamine use, hypertension, diabetes mellitus, a history of cellulitis, idiopathic cardiomyopathy, and morbid obesity (20 CFR 404.1520(c) and 416.920(c)).

   * * *

   4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925 and 416.926).

   * * *

   5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can stand for only 2 hours in an 8-hour day and walk for only 2 hours in an 8-hour day. She can never climb ladders, ropes, and scaffolds. She is limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs. She should be allowed to alternate between standing and sitting every 2 hours. She should avoid concentrated exposure, *i.e.*, intense, continuous, intractable, unremitting exposure, to hazards, such as dangerous machinery and unprotected heights

   * * *

   6. The claimant is capable of performing past relevant work as an office clerk (DOT 219.362-010; light exertional level; SVP 4). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

   * * *

   7. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 21-28.

Plaintiff's request for Appeals Council's review was denied on December 9, 2013, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

/////

/////

3

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    ANALYSIS

Plaintiff contends that the ALJ's finding that she can perform her past relevant work is not supported by substantial evidence. ECF No. 17. Specifically, plaintiff argues that the ALJ erred by relying on testimony from a VE without inquiring as to whether the testimony deviated from the Dictionary of Occupational Titles ("DOT"). *Id.* at 7-9. Plaintiff contends that because the ALJ failed to make this inquiry, the record lacks substantial evidence to support the finding that plaintiff can perform her past relevant work as it was actually or generally performed. *Id.* at 9-13.

At the fourth step of the sequential evaluation process, the ALJ must determine whether plaintiff can perform any of his past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). "Past relevant work" is work that a claimant has "done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R.

4

1 §§ 404.1520(b), 416.960(b). Although the claimant has the burden of showing that he cannot
2 perform his past relevant work, the ALJ is still required to make the requisite factual finding to
3 support his step-four conclusion. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). To
4 determine whether a claimant can perform his past relevant work the ALJ must assess the
5 claimant's residual functional capacity, determine the physical and mental demands of the
6 claimant's past relevant work, and then make a finding as to whether the individual's RFC would
7 permit the claimant to return to his prior job or occupation. SSR 82-62.

8       The ALJ should first assess whether the claimant can perform his past relevant work as it
9 was actually performed. SSR 96-8p; *Pinto*, 249 F.3d at 845. The claimant's testimony and
10 vocational reports are important sources of information regarding how the prior work was
11 actually performed. *Id*. An ALJ may also seek information from a VE or the Dictionary of
12 Occupational Titles ("DOT"). 20 C.F.R. §§ 404.1560(b)(2),416.960(b)(2); SSR 82-61.

13       If the claimant cannot perform the job as it was actually performed, the ALJ then assesses
14 whether the claimant can perform the occupation as it is generally performed. SSR 96–8p. The
15 best source for determining whether the claimant can perform his past relevant work as it was
16 generally performed is the DOT. *Pinto*, 249 F.3d at 845. The ALJ may also rely on VE
17 testimony. *Id*. However, "[i]n order for an ALJ to accept vocational expert testimony that
18 contradicts the Dictionary of Occupational Titles, the record must contain 'persuasive evidence to
19 support the deviation.'" *Id*. at 846. Furthermore, and of particular significance here, "[w]hen a
20 job is a 'composite'—that is, it has significant elements of two or more occupations and therefore
21 has no counterpart in the DOT—the ALJ considers only whether the claimant can perform his
22 past relevant work as actually performed." *Cook v. Colvin*, 2015 WL 162953, at *7 (C.D. Cal.
23 Jan. 13, 2015) (citing Program Operations Manual System (POMS) DI 25005.020(B), available at
24 http://policy.ssa.gov/poms.nsf/ lnx/0425005020).

25       At step four the ALJ determined that plaintiff was not disabled because she could perform
26 her past relevant work as an office clerk as the position was actually performed by plaintiff and
27 generally performed in the regional and national economy. AR 28. In making this finding, the
28 ALJ relied on the testimony from the December 9, 2013 hearing. *Id*. Testimony from the hearing

1  indicated that plaintiff's prior work included a position as a bookkeeper and a "combination job"

2  that required plaintiff to dispatch tow trucks and perform secretarial duties. AR 51-52. The VE

3  concluded that the first part of plaintiff's combination job could be categorized as "dispatcher, 2

4  49.167-014, sedentary, SVP-5," and the second part of the job categorized as an "office clerk,

5  219.362-010, light, SVP-4." *Id*. at 52.

6  The ALJ asked the VE whether an individual with plaintiff's RFC could perform

7  plaintiff's past relevant work. The VE testified as follows:

8  
9  
10  
> Bookkeeper, no. Dispatcher, no. Office clerk, yes. There would be some erosion. It's a light job so there would be some office environments where they're on their feet greater than 50 percent of the time. That would be the exception rather than the rule. Most office people are sitting most of the day.

11  AR 53.

12  Based on this testimony, the ALJ concluded that plaintiff was not disabled because she

13  could perform her past relevant work as an office clerk "as actually performed by the claimant

14  and generally performed in the national economy." *Id*. at 28.

15  Plaintiff contends that the ALJ erred by failing to ask the VE whether his testimony

16  conflicted with the DOT. ECF No. 17 at 9; *see Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir.

17  2007) (explaining that when a VE "provides evidence about the requirements of a job or

18  occupation, the adjudicator has *an affirmative responsibility* to ask about any possible conflict

19  between the [VE] evidence and information in the [DOT].") (emphasis in original). The ALJ did

20  not specifically ask the VE whether his testimony deviated from the DOT. However, it is clear

21  from the VE's testimony that he deviated from the DOT's description for the office clerk

22  position. The VE testified that an office clerk is categorized as light work, which would require

23  workers to be on their feet greater than 50 percent of the time. AR 53. He went on to state that

24  this "would be the exception rather than the rule," because most people in an office setting are

25  sitting most of the day. *Id*. He then concluded that plaintiff could perform the office clerk

26  position, but that there would be some erosion to the occupational base. *Id*. Because it was clear

27  from this testimony that the VE deviated from the DOT, any failure by the ALJ to affirmatively

28  inquire about the conflict was harmless.

Nevertheless, the court finds that the ALJ's step-four finding in not supported by substantial evidence. First, the testimony does not support the finding that plaintiff could perform her past work as it was actually performed. The evidence does not indicate that plaintiff previously worked as an office clerk. Instead, the job at issue was described by the ALJ as a "combination job," which included the duties for both a dispatcher and an office clerk. AR 52. The VE specifically testified that an individual with plaintiff's RFC could not perform the work as a dispatcher. Thus, plaintiff could not perform that "combination job." Her prior work included the performance of dispatch duties, and plaintiff's RFC precluded her from performing such duties. The evidence conclusively shows that plaintiff could not perform this composite or "combination job" as it was actually performed. *See Valencia v. Heckler*, 751 F.2d 1081, 1087 (explaining that jobs are comprised of a number of tasks and to "classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupation is contrary to the letter and spirit of the Social Security Act."). Accordingly, the ALJ's finding that plaintiff could perform her prior work as an office clerk as actually performed is not supported by substantial evidence.

Furthermore, there is no basis for the ALJ's finding that plaintiff could perform her prior work as it is generally performed in the national economy. While it may be the case that plaintiff can perform the work of an office clerk, she did not have a prior job as an office clerk. Instead, the job at issue was a composite job that included duties that would fall under an office clerk. "When a job is a 'composite'—that is, it has significant elements of two or more occupations and therefore has no counterpart in the DOT—the ALJ considers only whether the claimant can perform his past relevant work as actually performed." *Cook*, 2015 WL 162953 at *7. Thus, the ALJ was not permitted to dissect plaintiff's job duties and find that plaintiff could perform her past relevant work because she could perform some of the tasks required of her prior job. *See Valencia*, 751 F.2d at 1086.

The Commissioner, relying on *Druckerman v. Colvin*, 2014 WL 5089398 (C.D. Cal. Oct. 9, 2014), argues that the ALJ was permitted to dissect plaintiff's prior work into two occupations and conclude that she was not disabled based on her ability perform one of the occupations. ECF

1  No. 20 at 11-20 (citing to *Druckerman* and arguing that "in the current economy, composite jobs
2  are not unheard of, and it is acceptable for an ALJ to find that a claimant can perform a subset of
3  that composite."). *Druckerman* does not support this proposition.

4  In that case, the ALJ assessed the claimant with a light RFC with a limitation to
5  keyboarding 30 minutes at a time up to 4 hours in an 8-hour day. *Druckerman*, 2014 WL
6  5089398, at * 6. The VE testified that plaintiff had prior relevant work as a bookkeeper and an
7  office manager. The VE testified that plaintiff could not perform the bookkeeper job as generally
8  performed, but could perform the office manager job. *Id*. at 7. The VE "distinguished the two
9  occupations on the basis that the keyboarding required for the office manager position was 'more
10 sporadic' than it is for the bookkeeping function." *Id*. The plaintiff testified that for both the
11 bookkeeping and office manager jobs he was required to perform tasks required by both jobs. *Id*.
12 Accordingly, the plaintiff argued that both positions were composite jobs and that the VE, in
13 finding that he could perform the office manager position, improperly excluded the least
14 demanding tasks from that job. *Id*.

15 The district court rejected the argument, noting that plaintiff "had two different
16 occupational designations, bookkeeping and officer manager." *Id*. The court observed that the
17 VE specifically "testified that the office manager occupation had a wider variety of duties than
18 the bookkeeping job and that, while it required some bookkeeping keyboarding functions, they
19 were 'more sporadic than with the bookkeeper.'" *Id*. The VE did not find that plaintiff could not
20 perform any bookkeeping or keyboarding work, but simply found that plaintiff could still perform
21 the office manager job because it required more sporadic typing than the bookkeeping job. *Id*.

22 Thus, unlike the instant case, the ALJ in *Druckerman* did not find that plaintiff's prior
23 work as an office manager was composite job. Instead, the ALJ found that plaintiff had past
24 relevant work as an office manager, and that while this job included duties performed by a
25 bookkeeper, a position precluded by the plaintiff's RFC, the plaintiff could still perform the office
26 manager position because it only required sporadic keyboarding.

27 This case does not involve two different past relevant jobs. Here, there was one job in
28 question, dispatcher/secretary (*see* AR 192), but the VE characterized it as a combination job and

segregated it into two separate occupations, a dispatcher and an office clerk. He then testified that plaintiff's RFC precluded the performance of former, but not the latter and failed to account for the fact the job as actually performed did not fit the work functions for which plaintiff is able to perform. Accordingly, the instant case is distinguishable from *Druckerman*.

Accordingly, the VE's testimony does not support the finding that plaintiff could perform her past relevant work as it was actually performed by plaintiff or generally performed in the regional and national economy. Accordingly, this matter must be remanded for further proceedings.

IV. <u>CONCLUSION</u>

The ALJ's decision is not supported by substantial evidence. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9