UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA LEPAGE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

No. 2:14-cv-424-EFB

ORDER

Plaintiff moves for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 24. She seeks $2.66 in costs, and attorney fees based on 23 hours of work performed in 2014 at a rate of $190.06 per hour and 3.5 hours in 2015 at a rate of 189.68 per hour, for a total fee amount of $5,037.92. Defendant argues that plaintiff is not entitled to reasonable attorney fees under the EAJA because defendant's position was substantially justified. ECF No. 25. Alternatively, she argues that the number of hours sought is unreasonable and should be reduced accordingly, and that special circumstances make an award of fees unjust. *Id.*

I.    <u>Substantial Justification</u>

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or

1

that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (finding that the government's position that a doctor the plaintiff had visited five times over three years was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument could be made that the five visits over three years were not enough under

/////

the regulatory standard especially given the severity and complexity of plaintiff's alleged mental problems).

However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical reports, both in posing questions to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain she suffered as a result of her medical problems was credible, and whether one of her doctors' lifting restrictions was temporary or permanent, and the Commissioner's decision to defend that conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper rejection of treating physician opinions without providing the basis in the record for so doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov.13, 2009) (finding no substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on the opinion of a non-examining State Agency physician that contradicted the clear weight of the medical record, and improperly discrediting claimant's subjective complaints as inconsistent with the medical record).

Here, the court granted plaintiff's motion for summary judgment and remanded the matter to the Commissioner for further proceedings, finding that the ALJ erred in concluding that plaintiff could perform past relevant work as an office clerk as that job was actually performed and generally performed in the national economy. ECF No. 22. As this court observed, the evidence of record did not indicate that plaintiff previously worked as an office clerk. Instead,

the job at issue was a "combination job"—also referred to as a "composite job"—that included the duties for both a dispatcher and an office clerk. *Id*. at 7. Although the vocational expert ("VE") testified that plaintiff could perform the tasks required of an officer clerk, the VE also testified that plaintiff could not work as a dispatcher. Administrative Record ("AR") 52. Thus, the evidence conclusively showed that plaintiff could not perform the composite job as it was actually performed since the job included dispatcher duties. *See Valencia v. Heckler*, 751 F.2d 1081, 1087 (explaining that jobs are comprised of a number of tasks and to "classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupation is contrary to the letter and spirit of the Social Security Act."). Moreover, because the job at issue was a composite job, the ALJ was precluded from finding that plaintiff could perform the position as it was generally performed in the national economy. *See Cook v. Colvin*, 2015 WL 162953, at *7 (C.D. Cal. Jan. 13, 2015) ("When a job is 'composite'—that is, it has significant elements of two or more occupations and therefore has no counterpart in the DOT— the ALJ considers only whether the claimant can perform his past relevant work as actually performed.") (citing Program Operations Manual System (POMS) DI 25005.020(B), available at http://policy.ssa.gov/poms.nsf/lnx/ 0425005020). Accordingly, substantial evidence did not support the ALJ's step-four finding.

     Defendant argues, however, that the ALJ reasonably relied on the VE's testimony because the VE was a qualified expert with more than 23 years of experience and his testimony was not challenged at the administrative hearing. ECF No. 25 at 4. Accordingly, defendant contends that her position was substantially justified. Defendant's argument demonstrates a material misunderstanding of the ALJ's error and this court's ruling. The ALJ did not err in relying on the VE's testimony because it was inaccurate or the VE was not a qualified expert, as defendant suggests. *See* ECF No. 25 at 4 (arguing that "[w]hile this Court does not agree with the expert's testimony . . . . he had 23 years of experience as a vocational rehabilitation counsel and experience giving expert testimony in workers' compensation and Social Security cases."). Rather, the ALJ improperly concluded that the VE's testimony established that plaintiff could perform her past relevant work as an office clerk as the job was actually and generally performed.

As explained above, the testimony demonstrated that plaintiff's prior work was a combination job and not an office clerk job. Moreover, the VE specifically testified that plaintiff's combination job involved tasks performed by a dispatcher, which plaintiff could no longer perform. Thus, contrary to the ALJ's findings, the VE's testimony established that plaintiff could not perform the prior position.

Given that the record conclusively established that plaintiff was not able to perform her prior work, the Commissioner's position was not substantially justified.

II.     Reasonableness of Fee Request

The Commissioner also argues that the number of hours counsel purportedly expended in preparing the instant fee motion was unreasonable. ECF No. 25 at 6-8. The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. An award of fees should be properly apportioned to pursuing the stages of the case in which the government lacked substantial justification." *Corbin*, 149 F.3d 1053; *Flores*, 49 F.3d at 566-71.

Here, defendant does not object to plaintiff's hourly rate but contends that the number of hours expended by counsel was unreasonable.[1] Specifically, defendant argues that expending 3.5 hours in preparing plaintiff's fee motion was unreasonable because the motion consists largely of boiler language that is present in other fee motions plaintiff's counsel has previously filed in other social security cases. In support of this argument, defendant submits a copy of a motion for attorney's fees that counsel submitted in a different action filed in this district. *See* ECF No. 25-1; *Bernal v. Colvin*, 1:14-cv-733-SKO (E.D. Cal. 2015), ECF No. 20.

/////

---

[1] Defendant also does not object to plaintiff's request for $2.66 for costs.

5

A review of the instant motion and the prior motion submitted by defendant shows that the two motions are substantially similar and contain only minor modifications. The only significant difference is the amount of fees requested. Nonetheless, a review of the prior pleadings for purposes of addressing substantial justification, as well as a review of the billing records so that billing discretion can be exercised necessarily requires some expenditure of time. Thus, the court agrees in part with the Commissioner that altering the fee motion to reflect the number of hours expended in this case could have reasonably been performed in less than 3.5 hours. Accordingly, the fee award is reduced by 1.5 hours to award 2 hours for preparing the EAJA fee motion, resulting in an award of $4,751.50.

III.     Special Circumstances Making an Award Unjust

The Commissioner further argues that "special circumstances" make an award of attorney's fees unjust. ECF No. 25 at 5-6. She notes that the fee agreement submitted by plaintiff shows that she assigned her right to attorney's fees to the Dellert Baird Law Offices and not Kelsey Machenzie Brown, plaintiff's attorney of record.[2] *See* ECF No. 24-3 at 3-5. That fee agreement specifically provides that plaintiff assigned her "rights to EAJA fees, costs, and expenses to DELLERT BAIRD, which may take whatever steps to have such fees awarded, paid, and mailed to the firm." *Id*. at 5. Based on that assignment, the Commissioner "submits that special circumstances make an award of fees unjust in the absence of a revised fee agreement, a release from the Dellert Baird firm, or an understanding that the fees will be sent to the firm and held for or transmitted to counsel." *Id*. at 6.

The Commissioner's argument is a misapplication of the special circumstances provision of section 2412(d)(1). As noted above, 28 U.S.C. § 2412(d)(1) allows for an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The burden of proving that special circumstances make an award unjust is on the government. *Gutierrez*, 274 F.3d at 1258. The Commissioner has

/////

---

[2] It appears that sometime after initiating this action, Ms. Brown separated from the Dellert Baird Law Offices. *See* ECF No. 1 at 1 and ECF No. 24 at 1.

not shown that an award of plaintiff's attorneys fees would be unjust here, notwithstanding the issue of direct payment to the attorney under fee agreement.

The fee agreement submitted in this case has no bearing on the propriety of a fee award. Fees awarded under the EAJA belong to plaintiff as the prevailing litigant, not her counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) ("The fact that the [EAJA] awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. . . . [T]he statute's plain text does the opposite—it 'awards' the fees to the litigant."). Thus, the Dellert Baird Law Offices and Ms. Brown's dispute, if one even exists—which is not at all clear—over their respective interests in plaintiff's award is separate and distinct from the question of whether plaintiff is entitled to an award attorney's fees.

Accordingly, the fee agreement does not render an award of attorney's fees to plaintiff unjust. However, in light of the purported assignment of plaintiff's fee award to counsel other than Ms. Brown, the awarded fees shall be paid directly to plaintiff.[3]

## IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 24) is granted in part;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $4,751.50, plus $2.66 for costs, for a total award of $4,754.16; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), defendant shall determine whether plaintiff's EAJA fees are subject to offset. If the United States Department of the Treasury

---

[3] Courts in this district regularly order payment directly to a plaintiff's attorney so long as the plaintiff does not have a debt that is subject to offset and the plaintiff assigned her right to EAJA fees to counsel. *See, e.g., Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010). That practice, however, is not required, as the fee award belongs to the prevailing litigant and not counsel. *See Ratliff*, 560 U.S. at 594-97. That practice would also be inappropriate under the circumstances because there is no indication that plaintiff assigned her right to EAJA fees to the attorney that represented her in this action.

determines that plaintiff does not owe a federal debt, the government shall pay fees directly to plaintiff.

DATED: October 11, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE